# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**EMPLOYERS MUTUAL CASUALTY COMPANY**                                **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.: 1:08CV255-SA-DAS**

**NORMMURRAY SPRINGS BOTTLED**
**WATER CO., INC. AND TAMI T. STONESTREET,**
**AS ADMINISTRATRIX OF THE ESTATE OF**
**JOSEPH K. STONESTREET**                                            **DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS

Presently before the Court is Defendant Normmurray Springs Bottled Water Co., Inc.'s Motion to Dismiss [14].

Defendant Normmurray Springs requests this Court dismiss it from the Complaint for Declaratory Relief. Defendant Normmurray Springs asserts that it is not a proper party to this litigation as the corporate Defendant has made no claim for benefits arising out of the accident described in the Complaint for Declaratory Judgment. Plaintiff Employers Mutual Casualty Company contends that simply dismissing Normmurray Springs from suit, with prejudice, could have the effect of preventing the Plaintiff from obtaining adjudication of coverage which would be binding on Normmurray Springs and leave open the possibility Normmurray Springs could assert a claim in the future. Moreover, Employers Mutual insists that for the sake of judicial economy and to avoid the potential of duplicative litigation and inconsistent results, the Court should decide all issues among these parties relative to this insurance policy and this incident within the confines of this case.

The Court agrees and holds that unless and until Normmurray Springs affirmatively concedes that it has no claim against Employers Mutual arising out of or in any way related to the facts

described in the Complaint for Declaratory Relief, Normmurray Springs will remain a party to this action.  Although the Court acknowledges the real party in interest is Tami T. Stonestreet, as administratrix of the estate of Joseph Stonestreet, the Court will not permit the dismissal of Normmurray Springs now and leave open the opportunity for it to file suit later.  In the interest of judicial economy, if Normmurray Springs has any potential claims against Employers Mutual relative to this litigation, they must be raised now.  Accordingly, Defendant Normmurray Springs' Motion to Dismiss [14] is DENIED.

SO ORDERED, this the 18th day of September 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**