IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EMPLOYERS MUTUAL CASUALTY COMPANY                                              PLAINTIFF

V.                                                            CIVIL ACTION NO.: 1:08CV255-SA-DAS

NORMMURRAY SPRINGS BOTTLED
WATER CO., INC. AND TAMI T. STONESTREET,
AS ADMINISTRATRIX OF THE ESTATE OF
JOSEPH K. STONESTREET                                                         DEFENDANTS

MEMORANDUM OPINION DENYING
MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Employers Mutual Casualty Company's Motion for Summary Judgment [18]. The Court finds as follows:

*Factual and Procedural Background*

This case arises from a vehicular accident which resulted in the death of a passenger, Joseph K. Stonestreet, on October 6, 2007. Joseph Stonestreet was riding in the back seat of a vehicle owned and operated by Kenneth Newbegin. Newbegin was speeding, lost control of the vehicle, and hit a tree. Stonestreet was ejected from the vehicle and pronounced dead at the scene. Newbegin was insured with Progressive Insurance with a $25,000 per person limit. Stonestreet's heirs presented an under-insured motorist claim (UIM claim) under the Employers Mutual Casualty Company (EMCC) policy number 0E6-30-61 (the Policy) issued to Stonestreet's employer, Normmurray Spring's Bottled Water Company, Inc. (Normmurray Springs). The Policy provides UIM coverage limited to $75,000. There are four vehicles scheduled on the Policy. While Stonestreet was an employee of Normmurray Springs at the time of his death, it is undisputed he was not traveling in a vehicle insured under the Policy and was not acting in the course and scope of his employment. EMCC instituted this action against Tami Stonestreet, as executrix of the Estate of

Joseph K. Stonestreet, and the named insured under the Policy, Normmurray Springs. EMCC seeks a declaration that Joseph K. Stonestreet was not an insured under the Policy or the UM Act, and that EMCC is not liable to the Estate of Joseph K. Stonestreet for any amount. Defendants have cross-claimed against EMCC seeking judicial estoppel, reformation of the Policy, and asserting negligence. EMCC contends it is entitled to summary judgment as to its action for declaratory judgment and as to all claims asserted against it by Defendants.

*Standard of Review*

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be

resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Discussion*

I.   EMCC's Motion for Summary Judgment

EMCC contends it is entitled to judgment as a matter of law as Joseph Stonestreet was not an "insured" under either the UM Act or the Policy. The Court first examines the UM Act. There are two classes of insureds covered under the UM Act. MISS. CODE ANN. § 83-11-103(b) (1991). The first class includes "the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise [or personal representative thereof]." MISS. CODE ANN. 83-11-103(b)(1991). The second class of insured includes any person who uses the named insured's vehicle with the express or implied consent of the named insured and any guest in the motor vehicle to which the policy applies, or personal representative thereof. Id. Similarly, the right to stack is subject to the injured party's classification as a Class I or Class II insured. Glennon v. State Farm Mut. Auto Ins. Co., 812 So. 2d 927, 929-933 (Miss. 2002). The coverage afforded Class I insureds extends "to all circumstances when a member of the first class is injured by an uninsured motorist. This broad protection to members of the first class arises by virtue of the phrase 'while in a motor vehicle or otherwise.'" Id. at 931 (quoting Stevens v. U.S. Fid. & Guar. Co., 345 So. 2d 1041, 1043 (Miss. 1977)). As for Class II insureds, the individual "is only covered because he or she is in the covered automobile." Glennon, 812 So. 2d at 931.

Here, Normmurray Springs Bottled Water Company, Inc., is the only named insured. When a corporation is the named insured, the corporation and the individual occupying a covered vehicle as defined by the policy is insured under the UM endorsement. Pemberton v. State Farm Mut. Auto. Ins. Co., 803 F. Supp. 1187, 1192 (S.D. Miss. 1992); see also Steinwinder v. Aetna Casualty and Surety Co., 742 So. 2d 1150, 1155 (Miss. 1999) (holding that a corporation is a person within the meaning of the UM Act and capable of being the named insured under a UM endorsement). Thus, Joseph Stonestreet is covered under the UM Act only if he was riding in a covered vehicle. It is undisputed that Stonestreet was not riding in a covered vehicle; therefore, he is not an insured under the UM Act.

As for the Policy, individuals generally attain insured status by either being the "named insured" or by some other definition of "insured" in the Policy. Reviewing the Policy at issue, the "Commercial Auto Declarations–Business Auto Coverage Form" identifies the "NAMED INSURED" as Normmurray Springs Bottled Water. This form further provides "INSURED IS: CORPORATION[.]" Therefore, Joseph Stonestreet is not a "named insured" under the Policy. Further, the Policy contains two definitions of insured depending upon whether the named insured is an individual or a partnership, corporation, or other entity. Because a corporation, Normmurray Springs, is the named insured under the Policy, the following are "insureds" under the Policy definition:

    a.    Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto" . . . .

    b.    Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

    c.    Any person who uses a covered "auto" with the Named Insured's express or implied consent.

> d. The Named Insured for "property damage" only.

Stonestreet was not riding in a covered vehicle; thus, he is not an insured under the Policy. The Court finds that under the UM Act and the Policy *as written*, Stonestreet is not an insured. However, Defendants have asserted defenses and counterclaims seeking judicial estoppel, reformation of the policy, and asserting negligence.

II. Defendants' Defenses and Counterclaims

Defendant Tami Stonestreet took over as President of Normmurray Springs when her mother, Norma S. Thompson, passed away in 2002. At that time, Stonestreet requested that EMCC's agent substitute her name on the Policy for Thompson's name. In 2005, Stonestreet noticed that her mother's name was still listed on the policy, so she called the agent and requested her name be substituted. The agent stated that this change would be reflected on the next policy renewal. When Stonestreet receive her 2006-2007 policy, she noticed the change still had not been enacted, and she again contacted her agent and requested this change be made. According to Stonestreet, this change was never executed. Stonestreet received but did not review her 2007-2008 policy, which was the policy in effect at the time of Joseph Stonestreet's death. Rather than substituting Tami Stonestreet's name for Norma S. Thompson's name, Stonestreet contends the agent mistakenly issued a corrected declaration page showing only Normmurray Springs Bottled Water, Inc., as the named insured.

The Court has established that under the UM Act and the Policy *as written*, Joseph Stonestreet is not an insured. Thus, Defendants must demonstrate that the Policy should be reformed or that judicial estoppel would entitle Stonestreet to coverage.

Defendants, in response to summary judgment, assert that the parties have engaged in no

5

discovery, and that summary judgment is inappropriate due to the significant issues of fact concerning whether there is a mutual mistake requiring reformation of the policy. Summary judgment should not ordinarily be granted before discovery has been completed. Alabama Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co., 606 F.2d 602, 609 (5th Cir. 1979). If a party feels that more discovery is necessary to demonstrate a genuine issue of material fact, then they should file a Rule 56(f) affidavit stating that they could not properly oppose the motion for summary judgment without a chance to conduct discovery. See FED. R. CIV. P. 56(f). However, federal courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56(f) affidavit. See Investors Tile Ins. Co. v. Blair, 232 F.R.D. 254, 256 (D.S.C. 2005) (collecting cases). When a party files a brief opposing the motion for summary judgment and informs the court of the need for additional discovery, the brief can serve "as the functional equivalent of an affidavit." Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002); see also Washington v. Allstate Ins. Co., 901 F. 2d 128, 1285 (5th Cir. 1990) (noting that an "'equivalent statement, preferably in writing'" can be considered a Rule 56(f) motion) (quoting Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986)). Rule 56(f) discovery motions are "broadly favored and should be liberally granted." Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006).

The Court is of the opinion that the Rule 56(f) standard is met here. Thus, EMCC's Motion for Summary Judgment is denied without prejudice as premature, and EMCC may reassert it once the parties have had an opportunity to conduct discovery.

*Conclusion*

Based on the foregoing analysis, the Court concludes that EMCC's Motion for Summary

Judgment [18] is DENIED without prejudice as premature.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 25th day of March, 2010.

/s/ **Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**