IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EMPLOYERS MUTUAL CASUALTY COMPANY								PLAINTIFF

V.										CIVIL ACTION NO.: 1:08CV255-SA-DAS

NORMMURRAY SPRINGS BOTTLED
WATER CO., INC. AND TAMI T. STONESTREET,
AS ADMINISTRATRIX OF THE ESTATE OF
JOSEPH K. STONESTREET										DEFENDANTS

MEMORANDUM OPINION GRANTING IN PART
AND DENYING IN PART MOTION FOR RECONSIDERATION, OR IN THE
ALTERNATIVE, MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

Presently before the Court is Employers Mutual Casualty Company's Motion for Reconsideration, or in the Alternative, Motion for Certification for Interlocutory Appeal and to Stay the Case Pending Interlocutory Appeal [36]. The Court finds as follows:

*Factual and Procedural Background*

This case arises from a vehicular accident which resulted in the death of a passenger, Joseph K. Stonestreet, on October 6, 2007. Joseph Stonestreet was riding in the back seat of a vehicle owned and operated by Kenneth Newbegin. Newbegin was speeding, lost control of the vehicle, and hit a tree. Stonestreet was ejected from the vehicle and pronounced dead at the scene. Newbegin was insured with Progressive Insurance with a $25,000 per person limit. Stonestreet's heirs presented an under-insured motorist claim (UIM claim) under the Employers Mutual Casualty Company (EMCC) policy number 0E6-30-61 (the Policy) issued to Stonestreet's employer, Normmurray Spring's Bottled Water Company, Inc. (Normmurray Springs). The Policy provides UIM coverage limited to $75,000. There are four vehicles on the policy. While Stonestreet was an employee of Normmurray Springs at the time of his death, it is undisputed he was not traveling in a vehicle insured under the Policy and was not acting in the course and scope of his employment.

EMCC instituted this action against Tami Stonestreet, as executrix of the Estate of Joseph K. Stonestreet, and the named insured under the Policy, Normmurray Springs. EMCC seeks a declaration that Joseph K. Stonestreet was not an insured under the Policy or the UM Act, and that EMCC is not liable to the Estate of Joseph K. Stonestreet for any amount. Defendants cross-claimed against EMCC seeking judicial estoppel, reformation of the Policy, and asserting negligence. EMCC filed a Motion for Summary Judgment as to its action for declaratory judgment and as to all claims asserted against it by Defendants.

On March 25, 2010, this Court entered its order and separate memorandum opinion denying without prejudice as premature Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment. Shortly thereafter, Plaintiff filed the present Motion For Reconsideration, or in the Alternative, Motion for Certification for Interlocutory Appeal and to Stay the Case Pending Interlocutory Appeal. The Court is now prepared to rule.

*Standard of Review*

Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which provides such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). As the "denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or intervening change in or clarification of the substantive law." McKethan v. Texas Farm Bureau, 996 F.2d 734, 738 n.6(5th Cir. 1993)(citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990); see also Louisiana v. Guidry, 489 F.3d 692, 698 n.14 (5th Cir. 2007) (same).

*Discussion*

I.   Rule 56(f) Relief

EMCC contends that while the Court correctly found that Joseph Stonestreet is not an insured under either the UM Act or the policy, as written, the Court incorrectly applied Rule 56(f), as the requirements of Rule 56(f) have not been satisfied. According to EMCC, Stonestreet failed to identify genuine issue of material fact which would preclude this Court from granting judgment to EMCC as a matter of law.

Stonestreet stated in her response that the parties have engaged in no discovery, and that summary judgment is inappropriate due to significant issues of fact. Throughout Stonestreet's response, she then identified questions of fact that are not clear at this stage of the litigation. While EMCC may not agree, the Court finds Stonestreet's request for discovery is adequate.

II.  Defenses and Counterclaims

The Court held in its previous opinion that Joseph Stonestreet was not riding in a covered vehicle; thus, he is not an insured under the Policy. The Court further found that under the UM Act and the Policy *as written*, Stonestreet is not an insured. However, Stonestreet asserted defenses and counterclaims seeking judicial estoppel, reformation of the policy, and asserting negligence. The Court denied EMCC's Motion for Summary Judgment as premature to allow Stonestreet time for discovery. However, EMCC now contends that Stonestreet's counterclaims do not create genuine issue of material fact such that would alter Stonestreet's status under the UM Act and Policy.

<u>Judicial Estoppel</u>

Stonestreet's assertion of judicial estoppel is founded upon litigation that occurred in the Circuit Court of Carroll County, Mississippi, styled <u>Jason Cole v. Employers Mutual Casualty</u>

Company and Presley Rawson, Jr., cause no. 2006-057-CVIM. In Cole, the plaintiff was injured while traveling as a passenger in a vehicle actually owned by his employer. Cole's employer was covered by an EMCC policy issued in the State of Alabama that covered two-hundred and five vehicles. Cole argued that he was entitled to stack the available uninsured motorist coverage. The court granted EMCC's motion for summary judgment, holding that Cole was an employee and thus, a Class II insured. As a Class II insured, Cole was not entitled to stack coverage. In the case *sub judice*, Stonestreet contends that positions taken by EMCC in the Cole case preclude EMCC from asserting that Joseph Stonestreet is not a Class I insured under the Policy. However, EMCC argues that the necessary elements of judicial estoppel are not present and judicial estoppel cannot be used to create or extend insurance coverage.

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." In re Superior Crewboats, Inc., 374 F.3d 330, 334 (5th Cir. 2004) (citing Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988)). "'The purpose of the doctrine is to prevent the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" Id. (quoting In re Coastal Plains, 179 F.3d 197, 205 (5th Cir. 1999)). The Fifth Circuit "ha[s] identified two limitations on judicial estoppel: (1) the position of the party to be estopped must be clearly inconsistent with its prior position; and (2) the court must have accepted that prior position." Karaha Bodas Co., LLC v. Perusahaan, 364 F.3d 274, 294 (5th Cir. 2004); see also Hall v. GE Plastic Pac. PTE Ltd., 327 F.3d 391, 396 (5th Cir. 2003).

The Court agrees with EMCC that neither one of these elements are satisfied in this case. EMCC's position taken in this case is not clearly inconsistent with EMCC's position taken in the Cole litigation. Stonestreet asserts that Terry Hardesty testified as EMCC's 30(b)(6) representative

4

that where a corporation is the named insured, EMCC would extend coverage to the president of that corporation as a Class I insured where that president is occupying a covered vehicle. However, EMCC specifically points out that EMCC did not represent that family members would also be included in the classification of Class I insureds. In fact, while the specific issue of whether family members officers would be Class I insureds was not at issue in the Cole litigation, Hardesty stated that he did not think family members of an officer would be Class I insureds where a corporation is the named insured.

In Stonestreet's response to summary judgment, she merely points to the 144 page 30(b)(6) deposition without a specific page reference and argues that "[c]learly the position taken [by EMCC] was that Class I insureds, i.e. the named insureds and family members, could stack coverage." This Court is "under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" Fuentes v. Postmaster Gen. Of U.S. Postal Serv., 282 F. App'x 296, 300 (5th Cir. 2008) (citing Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). The Court, however, did review the deposition and did not find EMCC's position in Cole inconsistent with its current position.

Stonestreet contends that "[i]t is frankly irrelevant whether Judge Morgan bought [EMCC's] argument or not." The Court disagrees. To satisfy the second element of judicial estoppel, the Cole court must have accepted EMCC's prior position. Karaha, 364 F.3d at 294 ("Judicial acceptance requires that the court adopted the position previously urged by a party, whether as a preliminary matter or as part of a final disposition."). Regardless of EMCC's position in the Cole litigation as to officers as Class I insureds, the court rejected EMCC's position. Specifically, Judge Morgan granted summary judgment in favor of EMCC, holding that Cole was a Class II insured, not entitled

to stack, as Cole was an employee traveling in an employer's automobile at the time of the accident.

The Court concludes that the doctrine of judicial estoppel is not applicable in this case as the two elements have not been satisfied. Thus, EMCC's Motion for Reconsideration as to judicial estoppel is granted.

Reformation

EMCC first argues that the Policy should not be reformed as Stonestreet fails to provide any evidence to support this allegation. Stonestreet requested additional discovery and the Court will allow it. EMCC then argues that even if this Court found in favor of Stonestreet and held that the Policy should be reformed, Joseph Stonestreet would still not be entitled to coverage. EMCC states that there is clear authority in the Northern District of Mississippi which states in the uninsured motorist context, when the named insured is listed as an individual "d/b/a" a corporation, it is the corporation, not the individual that is the named insured. See Cox v. Western Heritage Ins. Co., 1998 WL 378357 (N.D. Miss. May 4, 1998) (reasoning that "Fred Cox d/b/a Cox Auto Sales;" refers to Freddy Cox only insofar as he may be doing business as Cox Auto Sales, and not to Fred Cox individually; therefore, Fred Cox's wife, June Cox, would not qualify as an insured by virtue of her being a spouse of an "insured"). Stonestreet contends the Cox case relied upon by EMCC is easily distinguishable. Cox is an unpublished opinion, and the reasoning relied upon by EMCC is not controlling as it is not even included in the order issued by the court. The court noted that Plaintiff June Cox voluntarily dismissed her claims at the time the court's order was entered. It is as if the court merely included the reasoning as an after thought.

This Court does not wish to determine the legal effect of the Policy if it is reformed, unless or until it is necessary to do so. If the Court later determines the Policy should not be reformed,

6

Stonestreet is not entitled to coverage. However, if the Court determines that the Policy should be reformed, the Court will determine the legal effect of reformation at that stage in the ligation. Therefore, EMCC's Motion for Reconsideration as to reformation is denied.

Interlocutory Appeal

EMCC requests that in the event this Court denies EMCC's requested reconsideration of its motion for summary judgment, or in the alternative, motion for partial summary judgment, EMCC desires that the Court certify the issues for immediate appeal as they involve controlling issues of law that materially advance the ultimate termination of the litigation.

> Title 28 of the United States Code Section 1292(b) provides in pertinent part:
>
> When a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

EMCC disagrees with the Court's decision to allow discovery to proceed before ruling on whether the policy should be reformed and the legal effect of the policy being reformed, among other things. This disagreement should be reviewed by the appellate court in the ordinary course rather than by an interlocutory appeal. Therefore, certification for interlocutory appeal is denied.

*Conclusion*

Based on the foregoing analysis, the Court concludes that EMCC's Motion for Reconsideration, or in the Alternative, Motion for Certification for Interlocutory Appeal [36] is GRANTED IN PART and DENIED IN PART.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 28th day of July, 2010.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**